United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH HIRSCH MITCHELL,**<br><br>Plaintiff,<br><br>vs.<br><br>**RICHARD TAYLOR,**<br><br>Defendant. | CASE NO. 21-cv-02327-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 19 |

On March 31, 2021, plaintiff Deborah Hirsch Mitchell filed this diversity action against defendant Richard Taylor, bringing causes of action for (1) fraud, (2) declaratory relief, (3) unjust enrichment, (4) elder abuse, and (5) breach of fiduciary obligations. (Complaint, Dkt. No. 1.) On May 26, 2021, defendant filed an answer and counterclaims for (1) breach of contract and (2) breach of good faith and fair dealing. (Counterclaims, Dkt. No. 13.) Currently pending is plaintiff's motion to dismiss the counterclaims with leave to amend or, in the alternative, for a more definitive statement. (Motion, Dkt. No. 19–1, at 9.) For the reasons set forth below, the motion to dismiss the counterclaims is **GRANTED WITH LEAVE TO AMEND**.[1]

Plaintiff and defendant are co-trustees of the Lawrence A. Mitchell Revocable Trust. (Compl. ¶ 5.) Lawrence Mitchell is plaintiff's late husband and defendant's close friend. (*Id.* ¶ 6.) Plaintiff alleges that after her husband's death in 2004, defendant requested $160,000 per year for his services in managing her finances and serving as co-trustee of the trust. (*Id.* ¶ 9.) Plaintiff paid this fee every year starting in 2005. (*Id.* ¶ 10.)

Plaintiff further alleges that defendant first informed her in 2016 that Mr. Mitchell had owed defendant approximately $5 million, that certain promissory notes existed confirming such

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728–29 (9th Cir. 1991).

1   debt, and that he expected plaintiff and the trust to pay the same.  (*Id.* ¶¶ 9–11.)  In 2019,

2   defendant allegedly arranged for plaintiff to borrow $100,000 from a friend so that defendant

3   would be paid $50,000 for the debt.  (*Id.* ¶ 11.)  In February 2020, before plaintiff sold her home

4   in February 2020, defendant requested that she pay $1 million from the sale proceeds to be applied

5   against the debt.  (*Id.*)  Relying on defendant's representation that she owed him significant

6   money, plaintiff distributed to him $1 million from the property sale proceeds.  (*Id.*)

7       Despite plaintiff's requests, defendant did not provide the promissory notes allegedly

8   memorializing the debt until August 2020.  (*Id.* ¶ 11; *see also id.*, Ex. A (Promissory Notes).)

> Prior to the time that Defendant Taylor finally provided the Promissory Notes to
> Deborah in August, 2020, she had never seen them before. . . .  Upon receipt of the
> copy of the Promissory Notes from Defendant Taylor, Deborah finally had them
> reviewed and contends that those Promissory Notes upon which Defendant Taylor
> claimed to have based his claim of debt against Deborah and the Lawrence Trust
> was [sic], in fact, unenforceable.  The Promissory Notes all stated that they were to
> be enforced pursuant to the laws of the State of California which provides a
> limitations period of 4 years from the date each of the respective Promissory Notes
> became due.  More important, however, was that the Promissory Notes were signed
> only by Lawrence Mitchell and not by Deborah, so that she was not at all liable for
> this purported debt.  Defendant Taylor never disclosed this information to Deborah
> prior to providing her with a copy of the Promissory Notes.

17   (*Id.* ¶ 12.)

18       Plaintiff therefore submits that defendant falsely represented to her that her husband's

19   alleged debt was enforceable against her and the trust.  (*Id.* ¶ 15.)

20       In his counterclaims, defendant alleges that in the years before Mr. Mitchell passed,

21   defendant made loans to him totaling $5,515,000.  (Counterclaims ¶ 11.)  Defendant further

22   alleges, among other things, that:

> Upon Mr. Mitchell's death in 2004, Mr. Taylor and Ms. Mitchell spoke about the
> $5,515,000 debt from the Promissory Notes.  At that time, Ms. Mitchell and Mr.
> Taylor entered into a contract to deal with such debt.  Ms. Mitchell and Mr. Taylor
> agreed that Ms. Mitchell would make quarterly payments to Mr. Taylor in
> perpetuity until the $5,515,000 amount was satisfied.  Ms. Mitchell and Mr. Taylor
> agreed that these quarterly payments would total $160,000 annually ($40,000 per
> quarter), though Mr. Taylor would be flexible of some quarterly payments needing
> to be a little less, while other quarterly payments a little more, to make the
> $160,000 per year.  Ms. Mitchell also agreed to make a more substantial payment

United States District Court
Northern District of California

2

from the proceeds of the sale of the family home, if and when the home was sold. As consideration, Mr. Taylor agreed not to pursue whatever rights he may have had in relation to the $5,515,000 debt at the time.

(*Id.* ¶ 15.)  Defendant therefore asserts counterclaims for breach of contract and breach of good faith and fair dealing.  (*Id.* ¶¶ 24–44.)

Plaintiff seeks dismissal of his counterclaims or a more definite statement thereof, primarily arguing that the counterclaims are barred by the statute of frauds and that no exception exists as to the requirement that their alleged agreement be in writing.  (Mtn. at 4–8.)  Defendant contends that two exceptions to the statute of frauds apply in this case.  (Opposition, Dkt. No. 20, at 10–11.)

California Civil Code Section 1624(a): "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . [a] special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794."  Cal. Civ. Code § 1624(a).[2]  In turn, Section 2794 provides that "[a] promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing":

> (3)  Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor; or upon the consideration that the party receiving it releases the property of another from a levy, or his person from imprisonment under an execution on a judgment obtained upon the antecedent obligation; [or]
>
> (4)  Where the promise is upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person[.]

Cal. Civ. Code § 2794(3), (4).

"An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words."  *Scolinos v. Kolts*, 37 Cal. App. 4th 635, 640 (Cal. Ct. App. 1995). Nonetheless, "[i]n order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms.  This is more difficult, for it requires a careful analysis of the instrument,

United States District Court
Northern District of California

---

[2] The parties appear to agree that California law applies.

1    comprehensiveness in statement, and avoidance of legal conclusions.'" *McKell v. Washington*

2    *Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (Cal. Ct. App. 2006) (citing 4 Witkin Cal. Procedure

3    (4th ed. 1997) Pleading, § 480, p. 573). Indeed, "a contract must be sufficiently definite for the

4    court to ascertain the parties' obligations and to determine whether those obligations have been

5    performed or breached." *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 789 (9th Cir.

6    2012) (citation and internal quotations omitted). Here, the Court concludes that defendant has

7    failed to plead sufficient facts regarding the existence of a valid oral agreement between him and

8    plaintiff for the repayment of Mr. Mitchell's debt.

9          Defendant submits that Section 2794(3) applies because he "released the obligations of Mr.

10   Mitchell under the Promissory Notes (as they would be applied to Mr. Mitchell's separate estate

11   and the community estate) in 2004 in consideration for Mrs. Mitchell's new contract to pay back

12   the overall, outstanding amount of $5,515,000." (Opp. at 11 (citing Counterclaim ¶ 15).)

13   However, although defendant cites to paragraph 15 of his Counterclaims, nowhere in this

14   paragraph or anywhere else in his pleading does defendant allege that he cancelled or otherwise

15   released Mr. Mitchell from his obligations.

16         Defendant also argues that Section 2494(4) applies because:

17        Mrs. Mitchell received a pecuniary benefit by Mr. Taylor agreeing not to enforce
          the $5,515,000 debt against Mr. Mitchell's separate estate and community estate at
18        the time of Mr. Mitchell's passing (requiring a lump sum payment of the
          outstanding debt from funds/assets that Mrs. Mitchell had an interest in). Mr.
19        Taylor instead agreed to allow Mrs. Mitchell to pay this amount over a ***greatly***
          extended period of time ($160,000/year, plus part of the house sale) ***without***
20        ***interest***. Moreover, there were several non-pecuniary benefits, including the
          reputation and legacy of Mr. Mitchell at the time of his death, which might have
21        been affected had other family and friends learned that Mr. Mitchell had borrowed
          $5,515,000 from his friend Mr. Taylor due to Mr. Mitchell's investment decisions,
22        and had not yet fully repaid Mr. Taylor.
23

24   (*Id.* at 12 (emphasis in original).)

25         However, although defendant allegedly "agreed not to pursue whatever rights he may have

26   had in relation to the $5,515,000 debt at that time" (Counterclaim ¶ 15.), nowhere in this

27   paragraph or anywhere else in his pleading does defendant allege that he "agree[d] not to enforce

28   the $5,515,000 **against Mr. Mitchell's separate estate and community estate at the time of**

4

**Mr. Mitchell's passing (requiring a lump sum payment of the outstanding debt from funds/assets that Mrs. Mitchell had an interest in)**."  (Opp. at 12 (emphasis supplied).)  Nor does defendant allege that non-pecuniary benefits served as consideration for the alleged agreement.  This is also the first time that defendant claims that he agreed to no interest.

Thus, defendant has not alleged sufficient facts to plausibly show that a valid oral agreement existed between plaintiff and him for the repayment of defendant's loans to Mr. Mitchell.  Accordingly, the motion to dismiss the counterclaims is **GRANTED WITH LEAVE TO AMEND**.  Defendant shall have **twenty-one (21) days** from the date of this Order to file his counterclaims.  Plaintiff shall have **twenty-one (21) days** after filing to respond to defendant's counterclaims.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: September 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**